UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br>　vs.<br>RAINA STRICKLAND,<br><br>　　　　　　　Defendant. | 5:19-CR-50159-JLV-02<br><br>ORDER DENYING MOTION FOR BILL OF PARTICULARS |

**JURISDICTION**

Ms. Strickland is charged by Indictment with Conspiracy to Distribute a Controlled Substance in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A). (Doc. 1). Ms. Strickland's arraignment was held on December 27, 2019. (Doc. 15). On February 6, 2020, she filed the present Motion for Bill of Particulars with this court. (Doc. 39). The pending motion was referred to the Magistrate Judge by United States District Judge Jeffrey L. Viken on February 7, 2020. (Doc. 40).

**BACKGROUND**

Ms. Strickland seeks a bill of particulars to specify "[t]he date of the earliest and last statement or event on which the prosecution relies to support its allegation of a conspiracy to distribute 500 grams or more of methamphetamine." (Doc. 39 at p. 1). Ms. Strickland argues "without knowledge of both the beginning and ending dates on which the indictment is

1

premised it is impossible for the Defendant to determine that validity of the charge . . . ." Id.

Specifically, Mr. Strickland asserts that the indictment's language charging "beginning at a time unknown to the Grand Jury but no later than on or about May 2019, and continuing on or about the date of this Indictment" is "too vague" to inform her of the nature of the conspiracy charged. (Doc. 39-1 at p. 1-2). Furthermore, Ms. Strickland argues the matter "cannot be resolved by discovery because whatever evidence the prosecution reveals cannot reliably be matched to any beginning or ending date of the conspiracy alleged in the indictment. The prosecution's proof, therefore, may or may not fall within the term alleged in the indictment." Id. at p. 2.

The Government opposes the motion, responding that the indictment contains all of the essential elements. (Doc. 46 at p. 2). Furthermore, the Government responds that Ms. Strickland's request "could not be more clearly aimed at obtaining explanation about discovery and how the prosecution intends to use it at trial." Id. at p. 4. Finally, the Government responds that Ms. Strickland has failed to establish that a bill of particulars is necessary to prevent unfair surprises at trial. Id. at p. 6.

## DISCUSSION

I. **Bill of Particulars**

a. **The Motion is Untimely**

Rule 7(f) of the Federal Rules of Criminal Procedure provides that the defendant "may move for a bill of particulars before or within 14 days after

premised it is impossible for the Defendant to determine that validity of the charge . . . ." Id.

Specifically, Mr. Strickland asserts that the indictment's language charging "beginning at a time unknown to the Grand Jury but no later than on or about May 2019, and continuing on or about the date of this Indictment" is "too vague" to inform her of the nature of the conspiracy charged. (Doc. 39-1 at p. 1-2). Furthermore, Ms. Strickland argues the matter "cannot be resolved by discovery because whatever evidence the prosecution reveals cannot reliably be matched to any beginning or ending date of the conspiracy alleged in the indictment. The prosecution's proof, therefore, may or may not fall within the term alleged in the indictment." Id. at p. 2.

The Government opposes the motion, responding that the indictment contains all of the essential elements. (Doc. 46 at p. 2). Furthermore, the Government responds that Ms. Strickland's request "could not be more clearly aimed at obtaining explanation about discovery and how the prosecution intends to use it at trial." Id. at p. 4. Finally, the Government responds that Ms. Strickland has failed to establish that a bill of particulars is necessary to prevent unfair surprises at trial. Id. at p. 6.

## DISCUSSION

I. **Bill of Particulars**

a. **The Motion is Untimely**

Rule 7(f) of the Federal Rules of Criminal Procedure provides that the defendant "may move for a bill of particulars before or within 14 days after

arraignment or at a later time if the court permits." FED. R. CRIM P. 7(f). Ms. Strickland's arraignment was held on December 27, 2019. (Doc. 15). Although neither party addresses the issue of timeliness, the court notes Ms. Strickland filed the pending motion 41 days after the arraignment, on February 6, 2020. (Doc. 39). Ms. Strickland fails to acknowledge that her request is untimely, let alone attempt to show good cause for the failure to file the motion sooner. Accordingly, the court denies the motion as untimely. However, even if Defendant had been able to show good cause for the delay in filing, the court also finds that the motion for a bill of particulars fails on the merits.

### b. Legal Standard for Bill of Particulars

An indictment must be "a plain, concise, and definite written statement of the essential facts constituting the offense charged . . . ." FED. R. CRIM. P. 7(c)(1). Federal Rule of Criminal Procedure 7(f) states that the court "may direct the government to file a bill of particulars." The defendant may move for a bill of particulars if she believes "that an indictment does not provide enough information to prepare a defense." United States v. Huggans, 650 F.3d 1210, 1220 (8th Cir. 2011) (citing United States v. Livingstone, 576 F.3d 881, 883 (8th Cir. 2009)). Typically, an indictment is insufficient only if an essential element of the offense is omitted. United States v. Cuervo, 354 F.3d 969, 985 (8th Cir. 2004). An indictment that is "completely devoid of facts" can be proper cause for a bill of particulars when the case lacks "any pre-trial motions that have elicited any descriptive responses from the government." United

States v. Glenn, No. 5:14-CR-50115-JLV, 2015 WL 5496120, at *3 (D.S.D. Sept. 17, 2015).

"The purpose of a bill of particulars is to inform the defendant of the nature of a charge with sufficient precision to enable [her] to prepare for trial and avoid or minimize the danger of a surprise at trial." Id. A bill of particulars "is not a discovery device to be used to require the government to provide a detailed disclosure of the evidence that it will present at trial." Huggans, 650 F.3d at 1220. The Court has broad discretion whether to order the government to provide a bill of particulars. United States v. Key, 717 F.2d 1206, 1210 (8th. Cir. 1983). The Court should grant the motion if necessary to "prevent unfair surprise at trial." United States v. Maull, 806 F.2d 1340, 1345 (8th Cir. 1986). The Court must "strike a 'prudent balance' between the legitimate interest of the government and defendant." United States v. Nelson, CR. 11-40037, 2011 WL 2160471, *1 (D.S.D. June 1, 2011) (quoting United States v. MacFarlane, 759 F.Supp. 1163, 1169 (W.D.Pa. 1991)).

A bill of particulars is not required if the defendant can access the necessary detail from another satisfactory source. Glenn, 2015 WL 5496120, at *3 (citing United States v. Johnson, 225 F.Supp.2d 982. 994 (N.D. Iowa 2002)). This source can take several forms including responsive pleadings from the government and an open file policy. "Specifically, numerous courts have held that no bill of particulars is required when the defendant has access to the necessary detail about the charges to prepare a defense, for example, in the form of 'open file' discovery." Id. In narrow circumstances, an open file policy

4

is not always sufficient to provide the defendant with enough detail on the charge. Id. at 1003. This is especially true if the "open file" is voluminous and complex. See id. (continuing criminal enterprise lasted more than eight years, involved numerous participants, and various predicate offenses).

### c. The Motion Fails on the Merits

Even if Ms. Strickland's motion had been filed in a timely manner, she makes no showing that the language contained in the indictment is insufficient to enable her to prepare a defense for trial. "The elements of a conspiracy to distribute a controlled substance under 21 U.S.C. § 846 are (1) that there was a conspiracy, i.e., an agreement to distribute the drugs; (2) that the defendant knew of the conspiracy; and (3) that the defendant intentionally joined the conspiracy." United States v. Keys, 721 F.3d 512, 519 (8th Cir. 2013). The indictment of Ms. Strickland charges the following:

> Beginning at a time unknown to the Grand Jury but no later than on or about May 2019, and continuing to on or about the date of this Indictment, in the District of South Dakota and elsewhere, the defendants, Robert Bartels and Raina Strickland, knowingly and intentionally, combined, conspired, confederated and agreed with persons known and unknown to the Grand Jury, to knowingly and intentionally distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, all in violation of 21 U.S.C. §§ 846, 841(a)(1), and 941(b)(1)(A).

(Doc. 1).

Ms. Strickland's contention rests in the fact that the indictment does not provide an exact date of the beginning and the end of the conspiracy. However, an exact time frame is not an essential element of Conspiracy to Distribute a

Controlled Substance. The indictment provides sufficient details to apprise Ms. Strickland of the nature of the charges, including: the amount of methamphetamine alleged within the conspiracy and the district in which the conspiracy is alleged to have occurred. Additionally, the indictment provides the name of one of the alleged co-conspirators and a defined time-frame. The time-frame specified in the indictment alleges from on or about May 2019, until the date of the indictment, which was filed on December 17, 2019. In United States v. White, the Eighth Circuit Court of Appeals held an indictment charging Conspiracy to Distribute a Controlled Substance was sufficient, and the Government need not specify the exact dates of the conspiracy.

> Despite the lack of specificity concerning the exact dates of the conspiracy, the indictment charged a specific conspiracy to possess and distribute methamphetamine in Rapid City, South Dakota, during a seven-month time frame. As a result, we hold that the indictment reasonably alleged the charge of conspiracy with sufficient specificity to notify [Defendant] of the charges against him and to allow him to plead the defense of double jeopardy as a bar to a future prosecution.

United States v. White, 241 F.3d 1015, 1021 (8th Cir. 2001).

Ms. Strickland's argument that a bill of particulars is needed to clarify "[t]he date of the earliest and last statement or event on which the prosecution relies" seeks nothing more than evidentiary detail. (Doc. 39 at p. 1). See United States v. Matlock, 675 F.2d 981, 986 (8th Cir. 1982) (quoting Hemphill v. United States, 392 F.2d.45, 49 (8th Cir. 1968)) ("Acquisition of evidentiary detail is not the function of bill of particulars."); United States v. Wessels, 12 F.3d 746, 750 (stating that a bill of particulars should not be used as discovery tool or to obtain a detailed disclosure of the prosecution's evidence); United

6

States v. Massat, No. CR. 15-50089-JLV, 2018 WL 583109, at *7 (D.S.D. Jan. 29, 2018) (denying defendant's motion for a bill of particulars because the defendant sought it simply as a discovery device). Accordingly, this court finds Ms. Strickland's motion is without merit.

## CONCLUSION

For the foregoing reasons, it is hereby

ORDERED that Raina Strickland's Motion for Bill of Particulars (Doc. 39) is denied.

## NOTICE OF RIGHT TO APPEAL

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly erroneous or contrary to law. The parties have fourteen (14) days after service of this order to file written objections pursuant to 28 U.S.C. § 636(b)(1)(A), unless an extension of time for good cause is obtained. See FED. R. CRIM. P. 58 (g)(2), 59(a). Failure to file timely objections will result in the waiver of the right to appeal questions of fact. FED. R. CRIM. P. 59(a). Objections must be timely and specific in order to require review by the district court.

DATED this 9th day of April, 2020.

BY THE COURT:

DANETA WOLLMANN
United States Magistrate Judge